# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:16CR00041-005 |
| ) | Case No. 1:17CR00034-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KEVIN THOMAS SEIGLER,** ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Samuel E. White, Tri-Cities Law Firm, Kingsport, Tennessee, and Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant objects to the order of the magistrate judge granting the United States' Motion for Joint Trial. For the reason set forth, I will deny the objections.

The defendant, Kevin Thomas Seigler, is charged in Case No. 1:16CR00041 with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. In Case No. 1:17CR00034, he is charged with failing to appear for his trial on the conspiracy charge, in violation of 18 U.S.C. § 3146. The United States contends that the defendant, while on bond and conditions of release, failed to appear for the jury trial scheduled for May 1, 2017, absconded from pretrial supervision, and was not

located and taken into custody until approximately ten months later. The defendant has pleaded not guilty in both cases.

The magistrate judge, finding that judicial economy would favor the joinder of the cases for trial, *see United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008), and that joinder would not result in unfair prejudice to the defendant because evidence of his failure to appear would be admissible to show his guilt of the underlying crime, and evidence of the underlying crime would be evidence of his motive for his failure to appear, *see United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984), granted the Motion for Joint Trial. The defendant has timely filed a Motion for Reconsideration containing objections to the magistrate judge's order, which motion has been argued and is ripe for decision.

A magistrate judge's ruling as to a nondispositive matter may be reversed only upon a finding that the ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-CV-1392-GBL-TCB,

2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citations omitted).

Under Rule 13 of the Federal Rules of Criminal Procedure, the court may order that separate cases be tried together if the offenses could have been joined in a single indictment. Rule 8(a) provides that an indictment may charge separate offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Bond jumping and the underlying offense are 'connected together' if they are related in time, the motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense." *United States v. Gabay*, 923 F.2d 1536, 1539-40 (11th Cir. 1991). Joinder here clearly meets those tests.

Even if Rule 8(a) permits joinder of cases, it should not be granted if unfair prejudice is shown by the defendant. *United States v. Peoples*, 748 F.2d at 936. The defendant contends that he would be unfairly prejudiced by joinder because he may want to testify as to one charge but not as to the other. However, a mere possibility of such prejudice is an insufficient showing. "[A] particularized showing must be made concerning the testimony the defendant wishes to give and his reasons for remaining silent on the joined counts, so that the court can make an independent evaluation of whether the defendant will be prejudiced to an extent

that outweighs the interests favoring joinder." *United States v. Jamar*, 561 F.2d 1103, 1108 n.9 (4th Cir. 1977). No such particularized showing has been made in this case. Moreover, because the evidence of bond jumping would be "mutually admissible in separate trials . . . . [the] allegations of prejudice are undermined." *United States v. Tyson*, 462 F. App'x 402, 407 (4th Cir. 2012) (unpublished). Since the government would likely introduce evidence of Siegler's failure to appear at both trials, he would be faced with the same quandary if he wanted to testifying in defense of his conduct as to only one of the charges. For example, if Siegler only wanted to testify in defense of his failure to appear, but not as to the drug conspiracy, he would be placed in the same dilemma with separate trials as he would with a joint trial.

Because I find that the magistrate judge did not err in her ruling, it is **ORDERED** that the Motion for Reconsideration of Order for Joint Trial (Case No. 1:16CR00041-005, ECF No. 947; Case No. 1:17CR00034-001, ECF No. 24) is DENIED.

    ENTER: August 10, 2018

    /s/ James P. Jones
    United States District Judge