# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:16CR00041-005 |
| | ) Case No. 1:17CR00034-001 |
| v. | ) **OPINION AND ORDER** |
| KEVIN THOMAS SEIGLER, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Kevin Thomas Seigler, Pro Se Defendant.*

The defendant, a federal inmate, has filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The defendant contends that the risks posed to his health by the COVID-19 pandemic create an extraordinary and compelling reason warranting a reduction in his sentence. For the following reasons, I will deny the motion.

I.

On November 29, 2016, a federal grand jury indicted the defendant, Kevin Seigler, charging him in Case No. 1:16CR00041 with conspiracy related to the distribution of methamphetamine. While on bond and conditions of release, Seigler failed to appear for the jury trial scheduled to begin on May 1, 2017. Seigler was later charged in Case No. 1:17CR00034 with failure to appear, in violation of 18

U.S.C. § 3146 (Count 1). On October 4, 2018, Seigler pled guilty to the failure-to-appear charge. On January 29, 2019, a jury found Seigler guilty of the conspiracy charge. On June 20, 2019, this court sentenced Seigler to a term of 286 months imprisonment, with 262 months on Count 1 (Case No. 1:16CR00041) and a consecutive 24 months on Count 1 (Case No. 1:17CR00034), to be followed by five years of supervised release on Count 1 (Case No. 1:16CR00041) and three years on Count 1 (Case No. 1:17CR00034), to be served concurrently. Seigler is currently 39 years old and incarcerated at FCI Lompoc. His projected release date is July 12, 2038.

On February 28, 2022, Seigler filed a pro se motion for compassionate release.[1] The Federal Public Defender's Office advised the court that it did not intend to supplement his motion. On April 21, 2022, the United States filed a response in opposition to Seigler's motion, along with his medical records, to which the defendant did not respond. The matter is now ripe for a decision.

## II.

A motion for compassionate release may be granted if "extraordinary and compelling reasons" warrant a sentence reduction and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[1] Seigler filed identical motions for compassionate release in Case No. 1:16CR00041, ECF No. 1499, and Case No. 1:17CR00034, ECF No. 63. I will consider the motions together.

§ 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements since the adoption of the First Step Act in 2018. In *United States v. McCoy*, the Fourth Circuit held that district courts may consider any extraordinary and compelling reason raised by the defendant. 981 F.3d 271, 284 (4th Cir. 2020).

Seigler states that he suffers from numerous health conditions, including obesity, undiagnosed hypertension, and an undiagnosed cancerous tumor. He further argues that FCI Lompoc has failed to provide him with adequate medical care after he twice contracted COVID-19 and continues to suffer from "long hauler" symptoms. Def.'s Mot. 5, ECF No. 1499. Seigler asserts that his medical status coupled with conditions at FCI Lompoc place him at heightened risk for complications from COVID-19 and therefore create an extraordinary and compelling reason justifying a grant of compassionate release. Specifically, Seigler asks the court to reduce his prison sentence to time served.

The government responds that Seigler's claims are mostly unsubstantiated by his medical records and his vaccination status drastically reduces his risk of complications. The government argues that there is no evidence that Seigler suffers from hypertension or a cancerous tumor. They also state that there is no evidence that Seigler contracted COVID-19 or has lasting symptoms. The government concedes that Seigler is medically obese but asserts that because Seigler is vaccinated against COVID-19, his risk of contracting severe complications is

dramatically reduced.  Seigler received his first and second doses of the Moderna vaccine on April 7, 2021, and May 4, 2021, respectively.  Resp. Ex. 1, Bureau of Prisons Health Servs. Clinical Encounter 40, ECF No. 1523.

That Seigler has been vaccinated significantly lowers his risk of severe complications arising from COVID-19.  Centers for Disease Control & Prevention, *Moderna COVID-19 Vaccine (also known as Spikevax): Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/differentvaccines/Moderna.html (last updated May 5, 2022).  No evidence in the record substantiates Seigler's assertions that he suffers from several serious underlying conditions that would elevate his risk for COVID-19 complications.  Given his vaccination status and his lack of any serious underlying conditions, I conclude that Seigler has not demonstrated an extraordinary or compelling circumstance warranting a reduction in his sentence.

### III.

For the reasons stated, it is **ORDERED** that the motions, ECF No. 1499, in Case No. 1:16CR00041, and ECF No. 63, in Case No. 1:17CR00034, are DENIED.

ENTER:  May 16, 2022

/s/  JAMES P. JONES  
Senior United States District Judge