# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:16CR00041-005 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **KEVIN THOMAS SEIGLER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; Kevin Thomas Seigler, Defendant Pro Se.*

Kevin Thomas Seigler, a federal inmate sentenced by this court, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising issues related to his conviction and sentence, as well as claims of ineffective assistance of counsel. The defendant has also moved for leave to amend his § 2255 motion. For the reasons stated, I will grant the defendant's motions to amend in part, but I will deny the § 2255 motion, as amended.

I.

On November 29, 2016, a grand jury of this court indicted Seigler for his role in a large drug trafficking conspiracy. Seigler was charged with one count of conspiring to manufacture, distribute, and possess with intent to distribute controlled substances and knowingly and intentionally using a communication facility in

committing a felony controlled substance offense. While on bond and conditions of release, Seigler failed to appear for the jury trial scheduled to begin on May 1, 2017. Seigler was then charged with failure to appear, a charge to which he pled guilty. In October 2017, the government filed a Sentencing Enhancement Information related to a previous Nevada drug conspiracy conviction that would have increased Seigler's statutory mandatory minimum, but the government later obtained dismissal of the information.

A jury trial was held in January 2019. At trial, the government introduced evidence that Seigler and other co-defendants had obtained large quantities of narcotics in Nevada and California, narcotics that were then shipped to Virginia and other states for distribution. The evidence showed that law enforcement witnessed one co-defendant exit Seigler's residence with a shopping bag after they had intercepted the co-defendant's phone conversation with Seigler about the purchase of methamphetamine. During a traffic stop shortly after the co-defendant left Seigler's house, the co-defendant was found in possession of approximately two pounds of methamphetamine. After the close of evidence, the jury found Seigler guilty of the drug conspiracy charge.

At sentencing, defense counsel objected to the quantity of drugs listed as attributable to Seigler in his Presentence Investigation Report (PSR), which was between 1,844.284 and 3,658.652 grams of methamphetamine. PSR ¶ 17, ECF No.

1198. The government called a Drug Enforcement Administration (DEA) task force officer to testify as to the relevant drug weights. The DEA task force officer explained that in addition to the approximately 900 grams of methamphetamine found in the co-defendant's car after the co-defendant left Seigler's house, the same co-defendant told law enforcement that he had obtained half a pound to one pound of narcotics from Seigler on four to six other occasions. In response to this testimony, Seigler's counsel explained to the court that the task force officer did not have personal knowledge of the other transactions and argued that only the drugs proven at trial, those found during the traffic stop, should provide the basis for the applicable drug weight. The court overruled defense counsel's objection, finding the evidence regarding the drug amounts to be reliable and therefore admissible for sentencing purposes, even though it was hearsay.

The court and counsel also addressed concerns regarding Seigler's acceptance of responsibility and the potential double counting for the conduct that led to the failure to appear charge. The court's double counting concern involved the fact that Seigler was assessed two offense points for obstruction of justice and would also face a consecutive sentence for failure to appear, both stemming from Seigler's failure to attend his initial trial date. The court indicated that it understood that it was a potential "problem," and that was why the probation officer had noted that a variance might be appropriate. Sent'g Hr'g Tr. 14, ECF No. 1241.

The court found Seigler had a total offense level of 38 and a criminal history category of IV, translating to an advisory guidelines range of 324 to 405 months' custody.  The court then varied below the guidelines range, imposing a sentence of 286 months, consisting of 262 months on the drug conspiracy charge and 24 months on the failure to appear charge.

Seigler appealed, challenging both his conviction and sentence.  *United States v. Seigler*, 990 F.3d 331, 334 (4th Cir. 2021).  On appeal, Seigler argued that there was insufficient evidence to support his conspiracy conviction, that the special verdict form was erroneous because it used "and/or" language and was confusing to the jury, that testimony regarding the drug weight attributable him in calculating his sentencing guidelines range was insufficient and uncredible, and that the sentencing court should not have imposed a two-level enhancement for obstruction of justice.

Thereafter, Seigler timely filed his § 2255 motion.  As he did on appeal, he now argues that there was insufficient evidence to support his conspiracy conviction, that the verdict form was erroneous, and that the court accorded too much drug weight at sentencing and improperly imposed a two-level increase for obstruction of justice.  He also asserts that the jury did not return a special verdict indicating the amount of narcotics attributable to him and that he was denied effective assistance of counsel because he did not have the opportunity to fully communicate with

counsel and prepare for trial while he was detained and because his counsel did not object to the drug amounts and sentencing enhancements.

Then, on February 21, 2023, Seigler filed two identical motions seeking to amend his timely § 2255 motion. ECF Nos. 1665, 1666.[1] In these motions to amend, Siegler brings forth additional ineffective assistance of counsel claims, arguing that his counsel did not inform him that the government had withdrawn its Sentencing Enhancement Information and that had he known, he would have accepted the government's plea offer rather than going to trial and that trial counsel failed to advocate for a downward departure. He also reasserts his claims regarding the drug weights attributable to him, which he claims led to an improper guidelines calculation, and relatedly argues that his trial counsel should have challenged the drug weight evidence introduced at sentencing as unreliable and inaccurate and that the sentencing court erred. He further argues that this so-called error was "exacerbated by his appellate defense Counsel's . . . failure to argue this meritorious claim on direct appeal." *Id.* at 6.

The government has moved to dismiss Seigler's § 2255 motion. The matter is now ripe for decision.

---

[1] While the motions are the same, they reference both the district judge's case number as well as the magistrate judge's closed case number.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). He must "state facts that point to a real possibility of constitutional error." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).[2] "[V]ague and conclusory allegations . . . may be disposed of without further investigation by the District Court." *Id.*

*A. Motions to Amend.*

The government contends that Siegler's two motions to amend are untimely, and that the claims contained therein should be summarily dismissed. I agree as to most of the claims in Seigler's motions to amend, but I find that his amended claims regarding the applicable drug weights and the related testimony does relate back to the original motion and is therefore timely.

---

[2] I have omitted internal quotation marks, citations, and alterations here and throughout this opinion unless otherwise noted.

A defendant has one year after his conviction becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f). Claims that are not of the same time and type do not relate back to an original, timely filing, and therefore are subject to dismissal. *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).

Here, Seigler filed his motions to amend in February 2023, more than one year after the Supreme Court denied review and his conviction became final in October 2021. Notice 1, ECF No. 1441. Seigler raises ineffective assistance of counsel claims both in his timely motion and in his motions to amend. However, most of these claims in his motions to amend arise out of "wholly different conduct" than those raised in his initial motion. *Pittman*, 209 F.3d at 318. In his timely motion, Seigler cites to his alleged inability to prepare for trial with counsel, as well as trial counsel's alleged failure to properly challenge the drug weights and obstruction of justice enhancement at sentencing. In his motions to amend, Seigler cites to trial counsel's alleged failure to advise him of the dismissal of the § 851 Sentencing Enhancement Information (Claim I.A.) and counsel's alleged failure to advocate for a downward departure based on a challenge to drug purity (Claim I.B.3.), as well as appellate counsel's alleged failure to raise the drug weight issues on appeal (part of Claim I.B.2.). These supplemental claims arise from separate occurrences and are of an entirely different character in that they relate to neither to the drug weight and obstruction of justice enhancement discussed and applied at sentencing, nor

Seigler's pre-trial preparation with counsel. Moreover, Seigler would have known of the newly cited deficiencies when he filed his first motion, and he could have included them therein. Because Claims I.A., I.B.3, and part of Claim I.B.2, do not relate back to his timely motion, they are barred by the statute of limitation and are futile, and the motions to amend are denied as to these claims.

Seigler also alleges in his amended motions that his trial counsel was deficient during sentencing by failing to properly challenge the DEA task force agent's testimony (Claim I.B.1.) and that his advisory guidelines range was incorrect. (Part of Claim I.B.2.). I find that these claims do arise out of the same conduct as those raised in his timely appeal, namely those original claims involving the court's findings and counsel's conduct related to the applicable drug weight at sentencing. Accordingly, I will grant the motions to amend in part as to Claim I.B.1 and the portion of Claim I.B.2 involving the court's sentencing calculation. However, these claims still fail for the reasons explained below.

### B. Non-Ineffective Assistance of Counsel Claims.

Seigler alleges several claims aside from ineffective assistance of counsel that he believes entitle him to relief. I find that these claims are meritless. His assertions that the evidence was insufficient at trial to convict him of conspiracy, that the verdict form was erroneous because of its use of "and/or" and was otherwise confusing, that the court accorded him too much drug weight at sentencing and

therefore relied on the wrong advisory guidelines range, and that the court improperly imposed the obstruction of justice enhancement are all issues fully litigated on appeal. *Seigler*, 990 F.3d at 337–47. Defendants may not use § 2255 motions to circumvent a ruling on appeal. *Dyess*, 730 F.3d at 360. He has not alleged or demonstrated that new evidence relevant to these claims exists that "could not reasonably have been included in the direct appeal record." *United States v. Caro*, 733 F. App'x 651, 660 (4th Cir. 2018) (unpublished). Consequently, these re-raised and litigated claims are procedurally barred and must be dismissed. *Id.* at 659.

Seigler also alleges that the jury failed to return a special verdict indicating the specific quantity of drugs attributable to him. He could have raised this issue on appeal, but did not, and therefore it is procedurally defaulted. *United States v. Mikalajunas*, 186 F.3d 490, 493 (1999). Moreover, Seigler has not alleged, and the record does not indicate, the existence of cause and actual prejudice resulting from the alleged errors, and Seigler has not demonstrated that a miscarriage of justice would otherwise result. *Id.* at 493–94. Accordingly, this claim is dismissed.

### C. Ineffective Assistance of Counsel Claims.

I turn next to Seigler's ineffective assistance of counsel claims. Ineffective assistance of counsel claims are constitutional in nature and may be raised in § 2255 motions. Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective

assistance claims, however, are not easily granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance was deficient, and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. The first prong requires a defendant to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. The court is not required to analyze the two prongs of the Strickland test in order. If a defendant fails to meet the burden of proving prejudice, the reviewing court need not even consider the performance prong. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Siegler vaguely alleges that he did not have the opportunity to adequately communicate with counsel and prepare for trial. He appears to rely on the fact that he was detained to support this claim — "Seigler did not have the opportunity and ability to fully communicate with counsel and adequately prepare for trial in this case (being detained without bail)." Def.'s Mot. 11, ECF Nos. 1619, 1636. Seigler

alleges no facts to suggest how counsel's performance was deficient. The fact that he was detained after failing to appear for his original trial date does not implicate counsel's conduct. Accordingly, even in liberally construing Seigler's motion, I find that this claim must be summarily dismissed as vague and conclusory. *Dyess*, 730 F.3d at 359.

Seigler also contends that counsel performed deficiently at sentencing. He argues that counsel did not object to the drug amounts and obstruction of justice enhancement, and that counsel should have challenged the testimony from the DEA agent about the co-defendant's statements as to earlier drug transactions as unreliable and hearsay. He also contends that counsel should have argued that based on the co-defendant's testimony, the "low-end" range was only an additional total half pound. Mots. to Amend. 6, ECF Nos. 1665, 1666.

The record belies Seigler's allegations regarding counsel's alleged failure to challenge the drug amounts and his alleged failure to challenge hearsay evidence admitted at sentencing. Counsel did object to the drug weights and argued that only those weights established through evidence at trial should have been considered. Sent'g Hr'g Tr. 3, ECF No. 1241. And although counsel did not specifically object to the hearsay testimony introduced through the DEA agent, he explained that his objection to the drug weight was in part because the calculated weight was based on the DEA agent's testimony about other drug transactions, transactions in which the

- 11 -

DEA agent did not have personal knowledge. The court simply found the hearsay testimony to be reliable and therefore admissible for sentencing purposes. Based on these facts, Seigler cannot establish counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by such alleged conduct.

Seigler is correct that the attorney representing him on his conspiracy offense did not specifically object to the obstruction of justice enhancement. However, the attorney who represented him on his failure to appear offense did question the probation officer about the enhancement. *Id.* at 10. The court also discussed with the probation officer and the prosecutor the potential "problem" with Seigler receiving a two-level increase for obstruction of justice and a consecutive sentence for failure to appear. *Id.* at 13–14, 16. Moreover, the court ended up varying downward from the advisory guidelines range, and the court of appeals found that Seigler's concerns regarding the application of the enhancement were unfounded. *Siegler*, 990 F.3d at 346–47. Considering these facts, I find that Seigler cannot establish that he was prejudiced by counsel's failure to object to the obstruction of justice enhancement at the sentencing hearing.

Finally, Seigler contends in his motions to amend that counsel should have challenged the credibility of the co-defendant who gave the statement about Seigler's involvement to the DEA agent. He vaguely alleges that his co-defendant had previously lied to law enforcement. However, Seigler alleges no facts about this

so-called "critical impeachment evidence."  Mots. to Amend. 5, ECF Nos. 1665, 1666.  He cites to "Exhibit 3," but no such exhibit is attached to his motions.  *Id.* Ex. 3, ECF Nos. 1665, 1666 (including only a cover sheet for Exhibit 3).   In another exhibit, he mentions a handwritten letter from the co-defendant to Seigler's counsel, but Seigler does not provide any details about the contents of that alleged letter.  *Id.* Ex. 1, Seigler Aff., ECF Nos. 1665, 1666.  I find that such a vague claim does not warrant relief.  Moreover, counsel's challenge to the testimony as hearsay, discussed *supra*, encompassed credibility concerns.  Again, the court simply disagreed and found the evidence to be reliable for sentencing purposes.  Accordingly, I find dismissal is warranted because Seigler has failed to establish that counsel's performance fell below an objective standard of reasonableness or that his below-guidelines sentence might have been different had counsel challenged testimony in the way Seigler believes counsel should have.

### III.

For these reasons, the defendant's Motion to Vacate, Set Aside, or Correct Sentence will be denied.  A separate final order will be entered herewith.

DATED:  July 7, 2023

/s/  JAMES P. JONES
Senior United States District Judge