CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:16CR00041-005 |
| ) | Case No. 1:17CR00034-001 |
| v.                          ) | **OPINION AND ORDER** |
| ) | |
| **KEVIN THOMAS SEIGLER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.           ) | |

*Kevin Thomas Seigler, Pro Se.*

The defendant, previously sentenced by this court, has filed a self-styled Request for Sentence Reduction. His motion relies on 18 U.S.C. § 3582(c)(2), which allows the court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." For the following reasons, I will deny the motion.

The defendant was indicted by a grand jury of this court, charging him in Case No. 1:16CR00041 with conspiracy related to the distribution of methamphetamine. While on bond and conditions of release, Seigler failed to appear for the jury trial scheduled to begin on May 1, 2017. Seigler was later charged in Case No. 1:17CR00034 with failure to appear, in violation of 18 U.S.C. § 3146. On October 4, 2018, Seigler pled guilty to the failure-to-appear charge. At the subsequent trial,

a jury found Seigler guilty of the conspiracy charge. At sentencing on June 20, 2019, I found that the defendant had a total offense level of 38 and a criminal history category of IV under the sentencing guidelines, translating to an advisory guideline range of 324 to 405 months. I varied below that range and sentenced Seigler to a term of 286 months imprisonment, consisting of 262 months in Case No. 1:16CR00041 and a consecutive 24-month term in Case No. 1:17CR00034.[1] Seigler's appeal was unsuccessful. *United States v. Seigler*, 990 F.3d 331 (4th Cir.), *cert. denied*, 142 S. Ct. 336 (2021). A later motion under 28 U.S.C. § 2255 was denied. *United States v. Seigler*, 1:16CR00041-005, 2023 WL 4400033 (W.D. Va. July 7, 2023).

The defendant primarily bases his request for a reduction in sentence on the ground that he should receive the benefit of 2025 guideline Amendment 833 that affected the application of § 3B1.2 (mitigation role) to § 2D1.1 drug trafficking cases. U.S. Sent'g Guidelines Manual (USSG) app. C (U.S. Sent'g Comm'n 2025). He points out that the current guideline now provides that a two-level reduction is appropriate "if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running

---

[1] A failure to appear sentence must run consecutively to the term for the underlying offense. 18 U.S.C. § 3146(b)(2). I varied below the guideline range because, among other things, the defendant's participation in the conspiracy was less than his coconspirators, whose already-imposed sentences would otherwise create an unjustified disparity for Seigler. Sent. Tr. 70–71, Dkt. No. 62, Case No. 1:17CR00034.

errands, sending or receiving phone calls or messages, or acting as a lookout." USSG § 2D1.1(e)(2)(B)(i).

The problem is that Amendment 833 is not listed under USSG § 1B1.10(d) and is therefore not retroactively available to reduce a sentence. *United States v. Puello*, No. 21-cr-20520-ALTMAN, 2026 WL 248320, at *1 (S.D. Fla. Jan. 30, 2026); *United States v. Polanco-Gonzalez*, No. 17-CR-0688(VM), 2026 WL 179682, at *1 (S.D.N.Y. Jan. 21, 2026).

In any event, even though I found Siegler's participation not the same as his coconspirators, it was not a minor role such as described in Amendment 833. As the court of appeals noted, the government's evidence showed that Seigler sold a substantial quantity of methamphetamine to a coconspirator for further distribution. Moreover, intercepted telephone conversations between the two indicated that this was an established relationship. *Seigler*, 990 F.3d at 338–39.

No other change in the law affects the defendant's sentence.

For the reasons stated, it is **ORDERED** that the motion, Dkt. No. 1882 in Case No. 1:16CR00041, is DENIED. The Clerk shall docket this Opinion and Order in both Case No. 1:16CR00041 and Case No. 1:17CR00034

ENTER: February 9, 2026

/s/ JAMES P. JONES
Senior United States District Judge